Nov. Term,
1856.
————
HACKNEY
v.
THE STATE.

*Per Curiam.*—The judgment is affirmed with costs.

*O. P. Morton, C. H. Test,* and *J. M. Wilson,* for the appellant.

*C. H. Burchenal* and *D. C. Chipman,* for the State.

(1) *Zehnor* v. *Beard, ante,* 96.

## HACKNEY *v.* THE STATE.

A nuisance is public if it annoy such part of the public as necessarily come in contact with it.

Any thing offensive to the sight, smell, or hearing, erected or carried on in a public place where the people dwell or pass, or have a right to pass, to their annoyance, is a nuisance at common law.

But there are no common-law offenses in this State; crimes and misdemeanors must be defined, and punishment affixed, by statute.

The definition of a crime or misdemeanor may be particular or general; but unless the legislature provide a definition there can be no offense, though the punishment be prescribed.

The courts cannot now, as under the former revisions, look to the common law for a definition.

Section 628 of the code of civil procedure provides a general definition of a nuisance, and section 8 of the misdemeanor act of 1852 prescribes the punishment.

Friday,
January 23,
1857.

APPEAL from the *Johnson* Court of Common Pleas.

STUART, J.—Information against *Hackney* for maintaining a public nuisance. The nuisance consisted in keeping a ten-pin alley, and procuring for gain certain disorderly persons to meet there, rolling balls night and day, cursing, quarreling, drinking, and making great noises, &c., to the injury and common nuisance of a part of the citizens of the State, &c.

Without interposing any motion to quash, the defendant pleaded not guilty. Trial by jury; verdict and

judgment for the State; and motion for a new trial overruled.

Certain instructions were asked by the defendant which the Court refused to give. The tenor of these instructions were, that if the jury should find it an annoyance to only a part of the citizens, they should find the defendant not guilty: the remedy in such case being by civil action.

These instructions were correctly refused.

It may be observed generally that every nuisance is annoying to only a few of the citizens of the particular place. They are the public of that locality. It is a public nuisance if it annoy such part of the public as necessarily come in contact with it. If *A.* obstruct a spring branch to which *B.* has a right, or divert it from its natural course, either of these acts may be a private nuisance to *B.*, but the public might not be thereby annoyed. Hence, *B.'s* remedy would be by civil action.

But disorderly inns, gaming houses, and the like, ordinarily erected in such places as are densely populated, or much frequented, are public nuisances,—so regarded at common-law. 1 Hawk. P. C. ch. 75.—4 Black. Com. 166.—1 Russ. 318. They are offensive to such part of the public as necessarily pass or resort thither. They are to be prosecuted as any other public offense. Thus, any thing offensive to the sight, smell, or hearing, erected or carried on in a public place where the people dwell or pass, or have a right to pass, to their annoyance, is a nuisance at common law. *The People* v. *Cunningham,* 1 Denio, 524.—*The People* v. *Sands,* 1 Johns. 78.—Archb. Cr. Pl. title "Nuisance."—Hawk. P. C. 112.—3 Black. Com. 315.—5 Bac. Abr. 147. The charge here is almost identical with that in *The State* v. *Bertheol,* 6 Blackf. 474, and *Bloomhuff* v. *The State,* 8 Blackf. 205. The statute declared that a nuisance was an offense punishable by indictment, (R. S. 1843, p. 974,) and left the courts to look to the common law for a definition of the offense. Thus, in 6 Blackf. *supra,* the Court by Judge DEWEY say: "Our statute pre-

scribes the punishment for a common nuisance; but it does not define the offense. We must, therefore, refer to the common law to learn in what it consists."

But there is not now in this State any such thing as a common-law offense. We cannot look to the common law for the definition of a nuisance or any other crime. "Crimes and misdemeanors must be defined, and the punishment therefor affixed, by statutes of this State, and not otherwise." 1 R. S. p. 352.—*Brutton* v. *The State*, 4 Ind. R. 601. It is very clear that the definition may be particular, as in the 17th section of the liquor act of 1853, or it may be general. In the 17th section, *supra*, the legislature define one species of nuisance, and affix the punishment. Acts of 1853, p. 89.

It clearly follows that, unless the legislature have by some general or particular definition declared what shall constitute a nuisance, so as to embrace the offense here charged, and prescribed the proper punishment therefor, there cannot now be any such offense in this State.

Through all the revisions, from 1831 to the present time, the following has been the general enactment on the subject of nuisance. "Every person who shall erect or continue and maintain any public nuisance to the injury of any part of the citizens of this State, shall be fined not exceeding 100 dollars." R. S. 1843, p. 974.— 2 R. S. 1852, p. 428. In the revision of 1843, keeping open saltpetre caves, or others of noxious quality, and tippling-houses kept in a disorderly manner, were defined as common nuisances. R. S. 1843, p. 975. The definition of tippling-houses is substantially retained in the revision of 1852. 2 R. S. p. 429. With the general enactment above quoted before them, this Court has decided that it was not a definition of a nuisance, but simply prescribed the punishment. 6 Blackf. *supra*. If it was not a definition then, it is not a definition now. Nor can we now, as then, look to the common law for a definition. Unless there be some statute giving either a general or particular definition of a nuisance, which could by reasonable intendment be made to em-

brace the facts stated in the information, the judgment cannot be sustained.

In the code of civil practice we find the following definition of a nuisance, viz.: "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance." 2 R. S. p. 175. Thus have the legislature defined or declared what shall constitute a nuisance, as they had the right to do. *Bepley* v. *The State*, 4 Ind. R. 264. Indeed, the legislature has, ever since the existence of the State, assumed to declare what shall constitute a nuisance, and that, too, both generally and specially.

*Per Curiam.*—The judgment is affirmed with costs.

*F. M. Finch*, for the appellant.

*D. C. Chipman*, for the State.

(1) Counsel for the appellant cited 3 Black. Com. Wend. ed. 122, 216; 4 *id.* 167; 5 Bac. Abr. 147, 152; 2 Carr. and Payne, 483.