May Term, 1861.

JENNINGS
v.
THE STATE.

---

## JENNINGS *v.* THE STATE.

The terms "public indecency," as used in § 22 of the "Act defining Misdemeanors," &c., do not sufficiently define any public offense; and consequently no act is made criminal by their employment in the statute.

APPEAL from the *Tipton* Common Pleas.

WORDEN, J.—Information against the appellant for public indecency. Motion to quash overruled: trial; conviction, and judgment.

Saturday, June 8.

The principal point relied upon for a reversal is, that there is no such offense. The facts charged do not constitute a criminal offense, unless they are made such by the words "public indecency," as used in 2 R. S. 1852, § 22, p. 433. The provision is as follows: "Every person who shall be guilty of notorious lewdness, or other public indecency, upon conviction shall be fined not exceeding one hundred dollars, and imprisoned not exceeding three months."

Another statute enacts, that "crimes and misdemeanors shall be *defined,* and punishment therefor fixed, by statutes of this State, and not otherwise. 1 R. S. 1852, § 2, p. 352. In the case of *Hackney* v. *The State,* 8 Ind. 494, which was a prosecution for a nuisance, it was held that unless the Legislature had, by some general or particular definition, declared

May Term,
1861.

THE STATE
v.
BRINEY.

what shall constitute a nuisance, so as to embrace the offense therein charged, and prescribed the punishment therefor, there can not now be any such offense. The phrase "public indecency" is, in itself, certainly no more descriptive of an offense than the terms "common nuisance." There is no statute that we are aware of, which in any manner defines the offense of public indecency. The elements, or acts, which constitute the offense are no where enumerated. "The term has no fixed legal meaning; is vague and indefinite, and can not in itself imply a definite offense." *McJunkins* v. *The State*, 10 Ind. 140. Without a definition of the offense, the acts which constitute it must vary with the different phases of society; depending upon the fastidious, refined, or primitive views of the community in which they happen to be committed.

Acts which in one place might be regarded as amounting to public indecency, might in another be considered harmless, and even proper. Perhaps the phrase "notorious lewdness," as used in the statute, is sufficiently descriptive of that offense, but that is not the offense charged here.

We are of opinion that for want of a proper definition, no act is made criminal by the terms "public indecency," employed in the statute.

*Per Curiam.*—The judgment is reversed, and the cause remanded.

*John Green* and *J. A. Lewis*, for the appellant.

*J. E. McDonald*, Attorney-General, and *A. L. Roache*, for the State.