ZACCHEUS SHED AND WILLIAM A. MARLOW FOR THEM-
SELVES AND AT THE REQUEST, AND IN. BEHALF, OF
TWO THOUSAND OTHERS HAVING A COMMON INTEREST
IN THE SUBJECT MATTER OF THIS SUIT, PLAINTIFFS IN
ERROR, v. JOSEPH J. HAWTHORNE, JOHN P. EATON,
JOHN C. SEELY AND CORNELIUS DRISCOLL, DEFEND-
ANTS IN ERROR.

Injunction: PUBLIC NUISANCE. A petition for an injunction to remove or
abate a public nuisance, will not be sustained unless it clearly shows that
the plaintiff does or will sustain a special damage—a personal injury
*distinct* from that which he suffers in common with the rest of the public.

————: ————. Where it was alleged in the petition, that the defendants
obstructed a public highway by the erection of a toll gate, and the
demanding and taking of toll for crossing a bridge on said highway, *it
was held*, on demurrer, that the case stated by the petition was that of a
public nuisance, and that the injury complained of was not one peculiar
to the plaintiff, but common to him and all others travelling over the
highway, and crossing the bridge erected thereon.

THIS was a petition in error to reverse a judgment of
the district court for Dodge county.

It appeared from the petition of the plaintiffs that a
county road had been laid out in Fremont precinct,
Dodge county, commencing at the town of Fremont, and
running across to the south bank of the Platte river. By
virtue of a special election held in that precinct, bonds to
the amount of fifty thousand dollars had been issued, and
the proceeds thereof used in the erection of a bridge
across the Platte river, along the line of said road. This
bridge was by the county commissioners made a toll
bridge, and a toll keeper was stationed thereon, and rates
of toll fixed. The plaintiffs brought suit, praying for an
injunction to enjoin the defendants from' obstructing
said county road by the erection of the toll gate, and the
demanding and receiving of toll from persons cross-
ing said bridge.

To the petition, a demurrer was filed, and upon argument before Mr. Justice Maxwell, sitting in the district court, the demurrer was sustained and judgment entered dismissing the petition at the costs of the plaintiffs.

The plaintiffs then brought the case here by petition in error.

*W. A. Marlow*, for plaintiffs in error, argued the cause upon a brief prepared by himself and *Zaccheus Shed*.

I.    Three of the defendants, as alleged in the petition are the county commissioners of Dodge county, Driscoll, the other defendant being employed by them in their official capacity as toll keeper or tax collector on a public highway.

II.    The powers and duties of a board of county commissioners, are defined by statute. *Gen'l Statutes*, 234, *Sec.* 14.

III.    The manner of levying and collecting taxes is clearly defined by statute. Any law passed by the voters of a precinct, or the commissioners of a county, providing for the levying and collecting of taxes in a different way from that pointed out by statute, is a nullity.

IV.    The acts of the county commissioners in levying taxes are ministerial, their duties being clearly defined by statute.

V.    The principal and interest on precinct bonds issued in aid of works of internal improvement, shall be paid by tax levied and collected upon the property of the precinct. *Gen'l Statutes*, 449, *Sec.* 7.

VI.    Where precinct bonds have been issued to aid works of internal improvement, it is the duty of the

county commissioners to levy a tax upon the taxable property of the precinct to pay principal and interest. *Gen'l Statutes*, 449, *Sec.* 7.

VII. One who has been compelled to pay a tax, the assessment and collection of which was unauthorized and illegal, may recover the amount so paid against those collecting the same. *Bailey v. Buell*, 59 *Barb.*, 158.

VIII. Courts of equity will interfere where there is an entire absence of authority for the assessment and collection of a tax, as where the tax is illegal, when there exists special circumstances bringing the case under some recognized head of equity jurisdiction, such as that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury. *High on Injunction*, 195, *Sec.* 354. *Williams v. Peinny*, 25 *Iowa*, 436. *The City of Jeffersonville v. Patterson*, 32 *Ind.* 140. *Mechanic's and Traders' Bank v. Debolt*, 1 *Ohio State*, 591. *Knowlton v. Supervisors of Knox County*, 9 *Wis.*, 410. *Kinyon v. Duchene*, 21 *Mich.*, 498. *Cumberland County v. Webster*, 53 *Ill.*, 141. *Clinton School District's Appeal*, 56 *Penn. State*, 315. *Livingston v. Hollenbeck*, 4 *Barb.*, 9. *Center and Warren Gravel Road Co. v. Black*, 32 *Ind.*, 468.

IX. A court of equity will interfere by injunction in the case of a single party seeking relief for himself alone, where it will avoid multiplicity of suits, and in cases where many claim a right against one. *Matheny v. Golden*, 5 *Ohio State*, 361. *Dows v. City of Chicago*, 11 *Wall.*, 108. *Williams v. Peinny*, 25 *Iowa*, 436.

X. Peculiar and extraordinary cases will arise in the complex and diversified affairs of men which perhaps cannot be classed under any of the distinct heads of chancery jurisdiction, but must be acknowledged nevertheless

to come within the legitimate powers of a court of chancery. *Oliver v. Pray*, 4 *Ohio*, 475. *Fee, Admr., v. Fee*, 10 *Id.*, 469. *McConnell v. Scott*, 15 *Id.*, 401.

XI.   A county with all its officers is a necessary organization for political purposes under the government of the state. Its officers all take an oath to perform their official duty, which is in each case circumscribed and defined by statute. *Boalt v. Commissioners*, 18 *Ohio*, 13.   *C. N. and Z. Railroad Co. v. Commissioners*, 1 *Ohio State*, 77.   *Commissioners of Hamilton County v. Mighels*, 7 *Id.*, 109.

XII.   Public officers proceeding illegally, are liable in an action at law to private individuals who sustain a special injury. *Shearman and Redfield on Negligence*, *Sec.* 166–171, *note*.   *Robertson v. Chamberlain*, 34 *New York*, 389.

XIII.   Courts of equity will interfere by injunctions where public officers under color and claim of right are proceeding to impair either public or private rights, or where their proceedings will result in serious injury to private citizens, or where the aid of equity is necessary to prevent a multiplicity of suits. *High on Injunctions*, *Secs.* 796, 800–804.   *Green v. Green*, 34 *Ill.*, 320. *Green v. Oakes*, 17 *Id.*, 249.   *Oakley v. Trustees*, 6 *Paige*, 263.

*E. Wakely*, for defendant in error, submitted the following points:

The plaintiffs cannot maintain this action.   The obstruction of a public highway, is a public, not a private nuisance, except in particular cases, when an individual sustains some injury peculiar to himself not affecting the public.   The mere inconvenience to an indi-

vidual as a traveler, having occasion to pass over the obstructed highway, is not such an injury as entitles him to maintain an action for damages, or to abate or enjoin the obstruction, although he may by reason of proximity to the place where it exists, or from having to pass over the highway often in his ordinary business, suffer greater inconvenience than other members of the community. This is a difference in degree, not in kind.

This position is amply sustained by authority. I cite a small proportion of the cases maintaining it, and I think none will be found opposed. *Lansing v. Smith*, 8 *Cow.*, 146. *City of Georgetown v. Alexandria Canal Co.*, 12 *Pet.*, 91. *Bigelow v. Hartford Bridge Co.*, 14 *Conn.*, 565. *O'Brien v. Norwich and Worcester Railroad Co.*, 17 *Id.*, 372.

II. The petition does not show that the *locus* is a public highway.

It sets forth certain proceedings which are claimed to establish a highway.

These are clearly insufficient.

The pretended order laying out or establishing a highway was made by only one of the two commissioners appointed for that purpose.

The statute then in force, § 20, *Ch.* 47, *Rev. St.* 1866, did not authorize the appointment of two persons to act. And, if they had both acted, it would have been a clear violation of law. The responsibility was to be placed upon one only. It would not follow that he would come to the same conclusion if acting upon his sole judgment and responsibility as if counseling and sharing the responsibility with another.

But, whether the appointment of the two was, or was not valid, it is clear beyond doubt or argument that one of them could not act alone, and make a legal report establishing a highway. *Mericle v. Mulks*, 1 *Wis.*, 366.

*Fitch v. Commissions,* 22 *Wend.,* 132. *People v. Hines,* 30 *New York,* 470.

The commissioners represent the precinct whose inhabitants own the bridge. They are not, therefore, mere wrongdoers. They were simply continuing a structure already erected when the order pretending to establish a highway was made. The bridge could not be taken as a free highway without compensation.

The statutes respecting highways do not apply to this case.

III.   The inhabitants of the precinct under the extraordinary powers conferred by the act of 1869, voted the bonds and with their proceeds erected a toll-bridge.

The commissioners in selling the bonds, and building the bridge with their proceeds, acted not in their official capacity, under the general laws of the state, but voluntarily as the agents or trustees of the inhabitants of the precinct.

IV.   The plaintiffs, if they had a right of action, could not join. Their interests, and their damages, if any, are separate and several.

GANTT, J.

This is an action by petition praying for an injunction perpetually enjoining the defendants from obstructing a county road and bridge, situated in Fremont Precinct, Dodge county, and from demanding and taking toll for crossing said bridge. To the petition the defendants interposed a general demurrer, which was sustained, and it is now assigned for error that the court erred: *First.* In sustaining the demurrer to the plaintiffs' petition, and *Second.* In rendering judgment for the defendants. Several questions were urged on the argument as reasons for the reversal of the judgment, but the conclusion at

which we have arrived, renders it unnecessary to examine more than one of these grounds.

The allegations of the plaintiffs' petition substantially are, that the defendants have obstructed and continue the obstruction of a public highway, by the erection of a toll-gate and the demanding and taking of toll for crossing on the bridge on said highway. If, as alleged, this road is a public highway, then travel over it is a common right to the public, and therefore it must be clear that the obstruction complained of is a public nuisance, for it affects all alike who may have occasion to pass over the highway.

In *Lansing v. Smith*, 8 *Cow.*, 152, it is said that "a ditch dug in a public highway, which from the local circumstances of the country, is seldom or ever used but by one or more families, is still a *public nuisance*, not because any considerable portion of the public is injured by it, but because it obstructs a passage which all have a right to use."

And it is an ancient rule of law, that no action lies for a public nuisance, but by indictment only, because the damage being common to the public, no one can assign his particular portion of it; and the only exception to this rule is where the private person suffers some extraordinary damage, distinct from that suffered by the public at large.

In the case at bar, the petition shows that the same injury which has resulted or may result to the plaintiffs, by reason of the obstruction, must necessarily in like manner and degree result to the public at large. 3 *Black. Com.*, 219. *Bigelow v. Hartford Bridge Co.*, 14 *Conn.*, 577. *O'Brien v. Norwich and Worcester Railroad Co.*, 17 *Id.*, 375. *Moses v. Pittsburg and Fort Wayne R. R. Co.*, 21 *Ill.*, 522.

In accordance with these long and well settled principles of law, it seems to be well established, that a bill in

equity will not be entertained for an injunction to remove or abate a public nuisance, or to enjoin an obstruction which constitutes such nuisance, unless it be clearly shown that the plaintiff does and will sustain a special damage, a personal injury *distinct* from that done to the public at large; and it being clearly shown that the plaintiffs in this case cannot suffer any injury which is distinct from that which must necessarily result to the public, the judgment must be affirmed.

JUDGMENT AFFIRMED.

CHIEF JUSTICE LAKE concurs.