JOHN FARRELL, PLAINTIFF IN ERROR, V. AUGUSTUS COOK, DEFENDANT IN ERROR.

1. **Demurrer.** A demurrer upon the ground of want of legal capacity of the plaintiff to sue will lie only where it appears on the face of the petition that the plaintiff, because of infancy, idiocy, want of authority, etc., is under legal disability.

2. **Injunction.** An injunction will be granted to enjoin a nuisance that shocks the sense of decency, as the keeping of jacks and stallions and standing them for mares near and in plain view of the plaintiff's dwelling.

ERROR to the district court for Webster county. Tried below before GASLIN, J.

*G. R. Chaney*, for plaintiff in error, cited: *Shed v. Hawthorne*, 3 Neb., 185. *Boom v. Utica*, 2 Barb., 104. *Nolin v. Mayor*, 4 Yerg., 163. 4 Wait's Actions and Defenses, 730. Wood Nuisance, 63–66.

*Case & McNeny*, for defendant in error, cited: *Hackney v. State*, 8 Ind., 494. *Attorney General v. Evart Boom Co.*, 34 Mich., 473.

MAXWELL, J.

This action was brought in the district court of Webster county to abate a nuisance. A demurrer to the petition was overruled in the court below and a perpetual injunction granted.

The grounds of the demurrer are: 1st. That the plaintiff has not legal capacity to sue; and, 2d, That the facts stated in the petition are not sufficient to constitute a cause of action.

It is alleged in the petition that in May, 1880, the defendant in error (the plaintiff below) "became and ever since has been, and now is, the owner of lots 7, 8, 9, in

block 25, in the town of Red Cloud; that the plaintiff has erected on said lots a dwelling-house of the value of one thousand dollars, and otherwise improved said premises, and that he resides in the dwelling-house aforesaid with his family, and has so resided since the month of June, 1880; that his family consists of his wife, two daughters, and one son; that in February, 1884, the defendant (plaintiff in error), John Farrell, purchased lots 16, 17, 18, and 19, in block 26, in said town of Red Cloud, and has since occupied the same; that said lots are directly across the street in front of the dwelling of plaintiff above mentioned, in full view thereof and not more than one hundred feet from said dwelling; that soon after the defendant purchased said lots he began to use and permit others to use the same as a place for standing stallions, jacks, and other animals; that the defendant is the owner of a feed stable, which is situated on a portion of said lots, and permits and hires out that portion of said lots not covered by said stable for the uses and purposes aforesaid; that owners of various horses and jacks are, with the consent and permission of defendant, using and occupying said premises as a place for putting jacks and stallions to mares, in full view of plaintiff's said dwelling and to the great inconvenience and discomfort of the plaintiff and his family," etc.

A demurrer upon the ground that the plaintiff has not legal capacity to sue will lie only when it appears on the face of the petition that the plaintiff is under legal disability, such as infancy, idiocy, want of authority, etc. Bliss Code Pl., §§ 407–409. Swan's Pl. and Prac., 235. Maxwell's Pl. and Prac. (3d ed.), 370–1. *Haskins v. Alcott*, 13 Ohio State, 210. There is nothing in the petition showing the personal disability of the plaintiff to maintain the action, and the first ground of demurrer is not sustained.

2. A nuisance may be defined as whatever is injurious,

offensive to the senses, indecent, or an obstruction to the free use of property so as materially to interfere with the comfortable enjoyment of life or property. *Regina v. Gray*, 4 Fost & Fin., 73. *State v. Purse*, 4 McCord, 472. *Nolan v. Mayor*, 4 Yerg., 163. *Pickard v. Collins*, 23 Barb., 444–453. *Hackney v. State*, 8 Ind., 494. *State v. Taylor*, 29 Id., 517. 4 Wait's Actions and Defenses, 727. It is anything that unlawfully worketh hurt, inconvenience, or damage. 3 Blackstone Com., 216. 2 Bouvier Law Dict., 245. *Com. v. O. C. R. R. Co.*, 14 Gray, 93. *Coker v. Birge*, 9 Ga., 425. It is a term applied to that class of wrongs that arise from the unreasonable, unwarrantable, or unlawful use by a person of his own property, real or personal, or from his own improper, indecent, or unlawful personal conduct, working an obstruction of or injury to the right of another or of the public, and producing such material annoyance, inconvenience, discomfort, or hurt, that the law will presume a consequent damage. Wood on Nuisance, § 1. There must not only be a violation of a right, but an essential inconvenience, annoyance, or discomfort must result therefrom. Id., § 9. A party is entitled to the free use and enjoyment of his own property, but he must so use it as not to interfere with the rights of others. Enjoy your property in such a manner as not injure that of another person, is the maxim of the law. That the plaintiff in error has violated this rule is clearly shown by the petition, and also that the defendant in error has sustained special injury by such violation.

In *Hayden v. Tucker*, 37 Mo., 214, it was held that the keeping and standing of jacks and stallions within the immediate view of a private dwelling was a nuisance; so, too, the keeping of a brothel near one's dwelling. *Hamilton v. Whitridge*, 11 Md., 128. We have no doubt that the plaintiff below is entitled to an injunction as prayed for in his petition.

The demurrer, therefore, was properly overruled and injunction granted. The judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.