Hill v. Pierson.

ANNIS L. HILL, APPELLANT, v. CHARLES O. PIERSON, APPELLEE.

FILED JUNE 19, 1895.   No. 6329.

1. Gambling Places: PUBLIC NUISANCES.  A place kept for gambling purposes is a public nuisance.

2. Public Nuisances: RIGHT OF PRIVATE PERSON TO INJUNCTION.  A public nuisance, criminal in its nature, will be enjoined at the instance of a private party only upon a showing of some special injury suffered by him aside from that suffered in common with the remainder of the public.

3. ——: ——: JUDGMENT FOR DEFENDANT.  The evidence examined, and *held* to sustain the conclusions of the trial court.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.

*J. W. West*, for appellant.

*John L. Webster*, contra.

HARRISON, J.

June 9, 1893, the plaintiff commenced an action in the district court of Douglas county, in which the petition filed, or the portion we need notice, read as follows:

"The plaintiff for cause of action states:

"1. That on or about the 17th day of December, A. D. 1892, one Frank A. Kemp was the absolute owner in fee-simple of the following described property in Douglas county, Nebraska, to-wit: The west twenty-two feet of the east one-half of lot 4, in block 120, in the original city of Omaha, county and state aforesaid, said property being known as No. 1321 Douglas street, in said city; and thereupon, to-wit, on the date aforesaid, said Kemp entered into a lease in writing for the premises aforesaid with the defendant Charles O. Pierson, which leasing was for the term

commencing on the 1st day of January, A. D. 1893, and
ending on the 31st day of December, A. D. 1896, a copy
of which lease is hereunto attached, marked 'Exhibit A,'
and made a part of this petition.

"2. That thereupon the said defendant Charles O. Pier-
son entered in and upon the said premises as the tenant
of him, the said Frank A. Kemp.

"3. That thereafter, to-wit, on or about the —— day of
——, A. D. 18—, the said Frank A. Kemp, for a valu-
able consideration, did grant, bargain, sell, and convey the
premises aforesaid to this plaintiff by a good and sufficient
warranty deed, through and by which this plaintiff became
the absolute owner in fee-simple of the premises aforesaid,
taking the said real estate free and clear of all incumbrances
save only the lease aforesaid, and thereupon the said Charles
O. Pierson did accept, and has accepted, this plaintiff as
landlord of the premises aforesaid and has paid rent for the
use and occupation of the said premises to this plaintiff.

"4. The plaintiff further alleges that the said defendant
is maintaining a nuisance in and upon the said premises,
which nuisance consists in this, to-wit, that the said defend-
ant is using the said premises as a gambling place, and is
keeping and maintaining thereon and therein gamblimg
tables, and is maintaining thereon and therein a faro bank,
and is maintaining and carrying on thereon and therein
games of chance, known as keno, roulette, hazard, and
various other and sundry games of chance, the technical
names of which are to this plaintiff unknown.

"5. The plaintiff further alleges that the keeping and
maintaining upon and in the premises aforesaid of the
nuisance as aforesaid has brought the premises aforesaid
into ill-repute, and if permitted to be maintained and car-
ried on in and upon the said premises, the plaintiff will be-
come subject to statutory liabilities, which will bring upon
her great and irreparable injuries, and will subject her to
public scandal and disgrace.

"6. The plaintiff further alleges that the keeping and maintaining of the nuisance aforesaid in and upon the said premises is a great and irreparable injury to the plaintiff's said property, from the nature and character of which injury redress at law would be uncertain and inadequate, and the damages resulting therefrom impossible of ascertainment.   *   *   *

"7. The plaintiff further alleges that the defendant, for the purpose of more effectually carrying on and maintaining said nuisance in and upon said premises, is about to alter and rebuild the interior part of said building by changing the partitions and stairways therein contained so that the said building shall be cut up into divers and sundry secret passages, stairways, and rooms, and is about to cut and alter the water pipes, sewer pipes, and gas pipes and connections thereof in and upon the said building, to the great and irreparable injury of the plaintiff and her said property, and from the nature and character of said property and building, such alterations, additions, and changes of said building would cause great and irreparable injury to the plaintiff's said property.

" Wherefore the plaintiff prays that the said defendant and his agents and employes, and each of them, be restrained by order of this court from maintaining, or permitting to be maintained, or from carrying on, or permitting to be carried on, in, or upon, or about the said premises any games of chance, gambling tables, faro banks, roulette wheels, or games of poker or hazard, and each and every other game of, or under, any name whatsoever, and be restrained from altering, changing, rebuilding, or removing any of the partitions, walls, floors, stairways, passage-ways, doors, or windows in, upon, or about said building, and from changing, cutting, removing, or altering any of the water pipes, sewer pipes, or gas pipes, or the connections thereof, in, upon, or about the said premises; and for such other and further relief as in equity and good conscience she may be entitled to have."

The lease, "Exhibit A," was conditioned for the payment of rent by the tenant of $2,500 per year, to be paid monthly in advance, the tenant also to pay water rent and taxes, and contained the following statement in relation to alterations and repairs: "The said party of the second part is to have the right to make such necessary alterations and repairs in and about the said premises as may be necessary for the conducting of his business, and to rebuild and alter the stairways in and about the said building, and to alter, change, and rebuild the front of the said building; such alterations and repairs of said building to be made under the direction of the superintendent of buildings of Omaha; and the said party of the second part hereby agrees, if the party of the first part so elects at the termination of this lease, to restore the front of said building and leave it in the condition it now is; all such repairs and alterations to be paid for by the party of the second part, and to be made without expense to the party of the first part."

The premises were leased to and occupied by defendant for saloon purposes. On the day the action was instituted a restraining order was made and issued, and the hearing of the application for an injunction was fixed for the 17th day of June, 1893, on which date plaintiff was granted time to prepare and file affidavits in support of her application for injunction, and the hearing was continued to June 19, 1893. The following journal entry shows what was done on June 19th: "Now, on this 19th day of June, A. D. 1893, this cause came on to be heard upon the petition and the evidence for final disposition, and the court, being fully advised in the premises, and having heard the arguments of counsel for both plaintiff and defendant, finds that the plaintiff is not suffering any pecuniary injury from the nuisance complained of, and that there is no equity in plaintiff's bill. It is therefore ordered, adjudged, and decreed, and considered by the court that plaintiff's application for an injunction be refused, and the temporary

restraining order be and hereby is discharged, and plaintiff's bill be dismissed at her costs; to which findings, judgment, and order of the court the plaintiff at the time excepts, and is given forty days from the rising of the court to prepare and serve her bill of exceptions."

The evidence discloses that the rooms on the second or upper floor of the building occupied were used for gambling and open to the public and resorted to for such purpose. One of the questions argued and presented for determination is, whether a house kept for gambling is a common or public nuisance. This must, in view of the authorities bearing upon it, be answered in the affirmative. (See Roscoe, Criminal Evidence, 821; Garrett, Nuisances, 227; *Rex v. Rozier*, 1 B. & C. [Eng.], 272; Wood, Nuisances, 63; *Rex v. Dixon*, 10 Mod. [Eng.], 336; 8 Am. & Eng. Ency. of Law, 1073.)

Another point discussed and presented for adjudication is, will the continuance of a public nuisance, and one which is criminal in its nature, be enjoined in an action for such purpose by a private party? It has been stated by this court that a public nuisance will be enjoined in a suit instituted by a private party for such purpose, but only when the plaintiff does or will sustain a special damage, a personal injury distinct from that which he suffers in common with the rest of the public (*Shed v. Hawthorne*, 3 Neb., 179), and in the case of *Farrell v. Cook*, 16 Neb., 483, this rule was applied where the nuisance enjoined was both public and criminal in its nature, and was again recognized in the case of *Barton v. Union Cattle Co.*, 28 Neb., 350. The only thing remaining for us to determine in this case is whether the plaintiff established such special damage, such a distinct personal injury as to warrant the granting of an injunction against the continuance of gambling upon her premises. The case of *Farrell v. Cook, supra*, was one in which the nuisance enjoined was near the plaintiff's residence and materially disturbed the complainant in the

enjoyment of his home.    In the case at bar it is conceded
that the plaintiff was not a resident of Omaha or of this
state, hence there was no special injury to plaintiff's habita-
tion or home or enjoyment thereof, such as was the basis
of the action of the court in granting the injunction in the
case cited.    We have carefully examined all the evidence
in this case, and from such examination are satisfied that,
although conflicting as to some particulars, it sustains the
conclusion of the trial judge, from which he announced that
the plaintiff had not made a sufficient showing to entitle her
to the relief asked.    The judgment of the district court
must be

AFFIRMED.