STATE OF NEBRASKA v. FRANK IAMS.

FILED APRIL 4, 1907. No. 14,677.

Municipal Corporations: NUISANCES. The exhibition of a stallion on the public streets of a city or village may be declared a nuisance by the municipal authorities and punished as such.

ERROR to the district court for Howard county: JAMES N. PAUL, JUDGE. *Exceptions sustained.*

*Norris Brown, Attorney General,* and *W. T. Thompson,* for the state.

*W. H. Thompson, contra.*

DUFFIE, C.

Defendant in error, Frank Iams, was arrested and brought before the police court of St. Paul on the charge of displaying two stallions on Farnam street on the 2d day of March, 1905, north of and adjoining block 5, in Military addition to the city of St. Paul, the street being immediately north of the residence of A. E. Cady. The charge was that displaying said stallions was wrongful and unlawful, and to the great annoyance of the family of A. E. Cady, and in violation of the provisions of section 2 of the ordinance of the city of St. Paul, Nebraska, passed and approved April 4, 1904. Iams was found guilty by the police judge, and sentenced to pay a fine of $5 and costs. He appealed to the district court, and after the state had produced its evidence Iams moved the court to direct the jury to return a verdict of "not guilty," which motion was sustained, and the defendant discharged. The state excepted, and the case is submitted to this court on these exceptions.

Section 2 of the ordinance is as follows: "That the displaying, hitching or keeping of any stallion or jack on any street or alley in the city of St. Paul, to the damage or annoyance of any resident upon any property adjoining any such street or alley, is hereby declared to be a nuisance." We do not understand that the state contends that under our statutes relating to municipalities the municipal authorities can, by ordinance, declare any act a nuisance which is not so in fact, nor can any cases be found in support of such a proposition. *Yates v. Milwaukee,* 10 Wall. (U. S.) 497. This raises the question whether the city council had authority to declare the acts mentioned in the ordinance a nuisance and provide a punishment therefor. Section 77, art. I, ch. 14, Comp. St. 1905, being the charter of cities of the second class and villages, devolves upon the city council or board of trustees the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons

within the city or village, and requires such council or board of trustees to keep the same open and in repair and free from nuisances. In our opinion the authorities vested with the care and control of the streets of a city or village may, in their discretion, prohibit their use for any purpose, except that for which streets or highways are commonly and necessarily used. The keeping of jacks and stallions and standing them for mares in view of a dwelling house has been declared a public nuisance. *Farrell v. Cook,* 16 Neb. 483. Fast driving upon the streets, the running of animals at large, the regulation of traffic and sales thereon, and the erection of signs, telegraph poles, racks, and the posting of handbills and advertisements may be prohibited by the city or village authorities by express provisions of the statute. Many acts taking place on the public streets of a city may be classed as nuisances which would be perfectly proper and unobjectionable on private property and not open to public view. The use of the streets for the exhibition of stallions is not the ordinary use which the public can demand. It is not one of the purposes for which streets are opened and kept in repair, and anyone having a family domicile upon a street used for such purpose may justly complain of such use. In *Nolan v. Mayor & Aldermen,* 4 Yerg. (Tenn.) 163, the precise question was before the supreme court of Tennessee, and it was held that where the charter of a corporation authorizes it to pass laws to prevent and remove nuisances, a law prohibiting the showing or exhibition of stud horses in the town is within the power.

We conclude, therefore, that the ordinance is a valid exercise of the powers conferred upon the council of the city of St. Paul by its charter, and we recommend such holding to the court.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons above stated, the conclusion arrived at by the commissioner is approved, and the exceptions

SUSTAINED.