## W. H. GUNN v. TERRITORY OF OKLAHOMA.

(Filed September 5, 1907.)

(91 Pac. 861.)

1. **OBSCENITY—Offense Against Public Morals—Evidence—Case.**
One Bessie Patterson applied to the defendant, W. H. Gunn, at his office, for employment as an office girl. The two were in the office alone. The defendant requested the prosecutrix to submit to a physical examination in order that he might determine if she was virtuous, and upon her refusal he ran his hands under her clothes and placed them upon her lower limbs and used vile, indecent, lewd, and lascivious language to her. **Held,** that such acts did not constitute a violation of section 2552 of the Statutes of Oklahoma of 1893, which makes it a misdemeanor to "wilfully and wrongfully commit any act  *  *  *  which openly outrages public decency, and is injurious to public morals." The acts complained of were not open or public, and did not outrage public decency nor injure public morals, but constituted a personal injury inflicted privately.

2. **SAME.** The section of the statute under which the defendant was convicted is intended to cover only those acts for the punishment of which no other penalty is by statute provided.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before Wm. P. Harper, Probate Judge.*

Reversed and remanded.

*W. A. Smith,* for plaintiff in error.

*W. O. Cromwell, Att'y Gen'l,* and *Don C. Smith, Ass't,* for defendant in error.

Opinion of the court by

Burwell, J.: Section 2552 of the Statutes of Oklahoma of 1893 provides:

"Every person who wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency, and is injurious to public morals, although no punish-

ment is expressly prescribed therefor by this chapter, is guilty of a misdemeanor."

The indictment in this case charges "that the defendant, Dr. W. H. Gunn, did, in Oklahoma county and in the Territory of Oklahoma, on the 10th day of January, A. D., 1906, commit an act which openly outraged public decency and was injurious to public morals, in this: that, at the time and place aforesaid, the said defendant being a physician, was maintaining an office in his residence at number 316 North Walnut street, in Oklahoma City, Oklahoma Territory, and, on said day, one, Bessie Patterson, being an unmarried female of the age of seventeen years, and of previous chaste and virtuous character, through the directions of an employment agent, applied to the said defendant at his office for employment as an office girl; that said defendant was alone in his office at said time with the said Bessie Patterson; that he then and there, wilfully and wrongfully, informed said Bessie Patterson that before he could employ her as an office girl, it would be necessary for him to make a physical examination of her to see if she was a virtuous girl, and requested the said Bessie Patterson to then and there occupy his operating chair, which she refused to do. He thereupon insisted on making a physical examination of the said Bessie Patterson, and, for said purpose, undertook to, and did, run his hands under the clothes and place them upon the lower limbs of her, the said Bessie Patterson, and against her will and protest, and did, then and there, unlawfully, wilfully and wrongfully, use all kinds of vile, indecent and lewd and lascivious language, in the presence and hearing and to the said Bessie Patterson, which language is so indecent, lewd and lascivious, it is not proper to state herein, contrary to the form of the statutes in such cases made and provided, and against the the peace and dignity of the Territory of Oklahoma." Upon the trial, the jury found the defendant guilty, and the court sentenced him to one year in the county jail and to pay a fine of five hundred dollars.

Does the indictment charge a public offense? The indictment charges the defendant with openly outraging public decency, and committing an act injurious to public morals. The facts pleaded in the indictment do not sustain the charge. If the defendant did the acts charged, he *outraged decency* and committed an act injurious to morals; but he did not *openly outrage public decency* and *commit an act injurious to public morals*. The statute is directed against acts which are committed openly and affect the public. As to whether an act is committed openly is generally a mixed question of law and fact, but it cannot be seriously contended that a doctor's private office is such a place as to give an act committed therein the character of an open act, especially when no one was present except the one against whom the act was committed. The supreme court of Indiana held, in the case of *Jennings v. State*, 16 Ind. 335, that a statute similar to the one under which the defendant in this case was prosecuted was so indefinite that it did not define any public offense, and hence no one could be convicted under it; but the court of special sessions of the first division of the city of New York (73 N. Y. Supp. 220), upheld a conviction under a statute almost identical with ours. However, the validity of the statute is not questioned by appellant, and we will not pass upon that question. By referring to cases which discuss the meaning of the words "openly" and "public", as, for instance, "open adultery" and "public nuisance", "public morals", etc., one will see that the acts charged against the defendant do not fall within the purview of the statute. That the acts charged constituted an assault there can be no doubt. The prosecution is not for that crime. The punishment in the opinion of some for that offense may be inadequate in the circumstances of this case, but we must interpret the law as it is, and not as we may wish it were. The legislature has made the law, and it is the duty of the courts to follow it as enacted.

The section of the statute under which the defendant was convicted is intended to cover only those acts for the punishment

of which no other penalty is by statute provided. Conceding the validity of the statute under which the defendant was indicted, the acts charged constituting the crime of assault, he must be prosecuted, if at all, for that crime. To be sure, if the assault was made with the intent to commit some other crime defined in the crimes act, the defendant could be prosecuted for such crime. But the rule is that, if the acts charged constitute any specific crime defined in the statutes, one should be prosecuted for such crime, and not under a blanket statute like the section quoted above.

The judgment of the lower court is hereby reversed and remanded, with directions to the lower court to proceed in conformity with the views expressed in this opinion, and to dismiss said action.

Irwin and Garber, JJ., absent; all the other Justices concurring.