B. V. MATTHEWS, CHAIRMAN, LEONARD C. COOKE ET AL., CONSTITUTING THE BOARD OF PHOTOGRAPHIC EXAMINERS, AND A. A. F. SEAWELL, ATTORNEY-GENERAL, EX. REL. STATE OF NORTH CAROLINA, v. N. L. LAWRENCE.

(Filed 24 November, 1937.)

Injunction § 7—Injunction will not lie to enjoin violation of criminal statute.

Art. V, sec. 1, ch. 155, Public Laws of 1935, makes the practicing of photography without a license a criminal offense, and injunction will not lie to restrain defendant from violating the statute, since the commission of a crime may not be enjoined, and injunction will lie only where some private right is a subject of controversy.

APPEAL from *Sinclair; J.,* at Chambers in Raleigh, 23 September, 1937, from WAKE.   Reversed.

*Assistant Attorneys-General McMullan and Bruton and Norman C. Shepard, Manly, Hendren & Womble, and W. P. Sandridge for plaintiffs, appellees.*

*Parrish & Deal for defendant, appellant.*

MATTHEWS v. LAWRENCE.

SCHENCK, J.  This is an action instituted by those persons constituting the Board of Photographic Examiners of the State of North Carolina, created by ch. 155, Public Laws 1935, and by A. A. F. Seawell, Attorney-General, "on behalf of the State of North Carolina," wherein it is sought to restrain and enjoin the defendant from practicing photography as defined in said statute.

The complaint alleges that the General Assembly of 1935 provided for the examination, licensing and regulation of the practice of photography by the enactment of ch. 155 of the Public Laws of that session, "known as 'an act to regulate and control the practice of photography,'" and that the defendant is "practicing photography contrary to the terms and provisions of said act and without being duly licensed as therein provided."

The defendant demurred to the complaint on the ground that it does not state a cause of action, for that (1) ch. 155, Public Laws 1935, on which the plaintiffs base their complaint, provides in Art. V thereof that any person violating any provisions of the act shall be guilty of a criminal offense, and (2) that said statute is unconstitutional and void.

The court overruled the demurrer, and the defendant reserved exception and appealed to the Supreme Court.

We think, and so hold, that his Honor erred in overruling the demurrer.  Art. V, sec. 1, of ch. 155, Public Laws 1935, reads in part: "Any person violating any of the provisions of this act, or engaging in any of the activities or practices herein defined without being duly licensed as herein provided, shall be guilty of a misdemeanor, and upon conviction shall be fined the sum of not less than fifty ($50.00) dollars, nor more than two hundred ($200.00) dollars for the first offense, and shall be imprisoned not more than thirty days and/or fined not exceeding two hundred ($200.00) dollars for any subsequent offense.  Each and every violation hereof shall constitute a separate offense."

This statute clearly makes the alleged acts of the defendant complained of by the plaintiffs criminal, and it is a rule with us that there is no equitable jurisdiction to enjoin the commission of a crime, and that injunctions are confined to cases where some private right is a subject of controversy.  Individuals who apprehend injury to their person or property by reason of any acts which are criminal are furnished an adequate remedy at law by having the perpetrator of such acts indicted and prosecuted by the State.  *Motor Service v. R. R.,* 210 N. C., 36, and cases there cited.

We do not pass upon the constitutionality of ch. 155, Public Laws 1935, since we are of the opinion that the demurrer should have been sustained upon the first ground assigned.

The judgment below is

Reversed.