## ECKDAHL ET AL. v. HURWITZ

(No. 2153; June 11, 1940; 103 Pac. (2d) 161)

For the plaintiffs and appellants, the cause was submitted on the brief of *Frank E. Anderson* and *Wm. Edmonds* of Laramie.

For the respondent, the cause was submitted on the brief of *Alfred M. Pence* of Laramie.

RINER, Chief Justice.

This cause is here through the direct appeal method of procedure to review a judgment of the district court of Albany County denying an application made therein by the plaintiffs, Charles Eckdahl and O. C. Dinelly, for an injunction to issue against the defendant, Al Hurwitz. Both a temporary restraining order and a permanent injunction were sought. The decision of the district court aforesaid was adverse to the plaintiffs on both applications. The basis upon which plaintiffs predicated their right to relief was that the defendant by his acts injured plaintiffs, destroyed competition, and willfully violated the provisions of Chapter 73, Laws of Wyoming, 1937, commonly known as the Unfair Competition and Discrimination statute of this State, and will continue to do so, thereby continuing to maintain a nuisance and to "exercise unfair competition and discriminate against the plaintiffs" in violation of their rights, unless restrained from so doing by court order.

The plaintiffs, as is the defendant, are merchants having their places of business in the City of Laramie, Wyoming, the plaintiff Eckdahl being engaged in selling by sample "made to measure" shirts and suits of clothing, and the plaintiff Dinelly conducting a jewelry store in said city. The defendant Hurwitz also sells suits, overcoats, jewelry, and other merchandise. Most of the latter's business is, as he testified, so far as clothing is concerned some ninety-nine per cent "shelf business," i. e., ready to wear clothing, and he does "very little" made to measure clothing business. On the wit-

ness stand he stated that he did not consider Eckdahl as one of his competitors. The plaintiff Dinelly gave no testimony on the trial.

The business methods of the defendant Hurwitz, of which complaint is made and against which relief was sought, are practically identical with those fully described in the cases of Grant et al. v. State, 54 Tex. Crim. Rep. 403, 112 S. W. 1068, and People of Porto Rico v. Swiggett, 37 Porto Rico Rep. 845. See also DeFlorin v. State, 121 Ga. 593, 49 S. E. 699; People v. McPhee, 139 Mich. 687, 103 N. W. 174; State v. Moren, 48 Minn. 555, 51 N. W. 618; State v. Perry, 154 N. C. 616, 70 S. E. 387; Commonwealth v. Painter, 15 Pa. Dist. Reports 491.

The district court in its judgment aforesaid found that the evidence submitted in the cause failed to show that the defendant in his methods of transacting business aforesaid "sold merchandise for less than cost, since the whole or entire transaction must be considered, and the evidence shows that Al Hurwitz, defendant, made money on the entire transaction; and, further, the evidence fails to show that said acts of defendant injured competitors or destroyed competition; and that for the reasons set forth there is no violation of Chapter 73, Wyoming Session Laws, 1937." The court also found inter alia that defendant's methods of business claimed to be objectionable were violations of the criminal statutes of the State of Wyoming relating to lotteries, but that the evidence in the case also failed to establish "that the commission of the crime especially injured plaintiffs' businesses or that an injunction in this suit would prevent a multiplicity of suits; that there is a plain and speedy remedy at law by way of criminal prosecution." It was accordingly adjudged that plaintiffs take nothing and that the injunction sought should be denied, as hereinbefore indicated.

We have examined with care the record in this case, and have reached the conclusion that there is substantial evidence to support the court's finding as above quoted. That finding is not only thus supported, but the evidence seems to us of such a character that we do not well see how the court could have found otherwise than it did. So far as the second above quoted excerpt from the findings is concerned, we agree, also, that the evidence in the record likewise fails to show that what defendant did "especially injured plaintiffs' businesses," assuming his acts were in fact a violation of the State's criminal law, a point not contested here. See Sections 32-815, 32-816 and 32-817, W. R. S., 1931.

Relative to the judgment following the findings above referred to the subjoined authorities are pertinent:

32 C. J. 275-276 says, upon the citation of a lengthy list of decisions from appellate courts, that:

"It is now universally held that, except where there is express statutory authority therefor, equity has no criminal jurisdiction, and acts or omissions will not be enjoined merely on the ground that they constitute a violation of law and are punishable as crimes. Under ordinary circumstances a complete and adequate remedy for the violation of the criminal statutes of a state and of municipal ordinances is afforded by the courts of law; and if a criminal prosecution will constitute an effectual protection against the acts or omissions complained of, no grounds exist for relief by injunction."

1 High on Injunctions (4th Ed.) Chapter 1, Sec. 20, lays down the rule thus:

"Equity has no jurisdiction to restrain the commission of crimes, or to enforce moral obligations and the performance of moral duties; nor will it interfere for the prevention of an illegal act merely because it is illegal. And in the absence of any injury to property rights it will not lend its aid by injunction to restrain the violation of public or penal statutes, or the commission of immoral and illegal acts."

In Motor Car Dealers' Assn. of Seattle, et al., v. Fred S. Haines Co., 128 Wash. 267, 222 P. 611, 36 A. L. R. 493, the court ruled:

"It is our opinion that this action is nothing more than an attempt to enforce the criminal laws against selling personal property on Sunday by injunction, and deprive the persons accused of the right of trial by jury. Nor do we believe that the acts complained of constitute any special injury to appellants within the meaning of the rule applied to such cases."

In United-Detroit Theaters Corporation v. Colonial Theatrical Enterprise, 280 Mich. 425, 273 N. W. 756, the court quoted from an earlier decision which supplied an excerpt from the well known case of "In re Debs," decided by the Supreme Court of the United States, to the following effect:

" 'As stated in Re Debs, 158 U. S. 564, 593, 15 S. Ct. 900, 909, 39 L. Ed. 1092:
' "Again, it is objected that it is outside of the jurisdiction of a court of equity to enjoin the commission of crimes. This, as a general proposition, is unquestioned. A chancellor has no criminal jurisdiction. Something more than a threatened commission of an offense against the laws of the land is necessary to call into exercise the injunctive powers of the court. There must be some interferences, actual or threatened, with property or rights of a pecuniary nature, but when such interferences appear the jurisdiction of a court of equity arises, and is not destroyed by the fact that they are accompanied by or are themselves violations of the criminal law." ' "

Similarly in Matthews et al. v. Lawrence, 212 N. C. 537, 193 S. E. 730, the court pointed out that a statute forbidding the practice of photography under a criminal penalty was one which "clearly makes the alleged acts of the defendant complained of by the plaintiffs criminal, and it is a rule with us that there is no equitable jurisdiction to enjoin the commission of a crime, and that injunctions are confined to cases where some

private right is a subject of controversy. Individuals who apprehend injury to their person or property by reason of any acts which are criminal are furnished an adequate remedy at law by having the perpetrator of such acts indicted and prosecuted by the state. Carolina Motor Service v. Atlantic Coast R. R. Co., 210 N. C. 36, 185 S. E. 479, 104 A. L. R. 1165, and cases there cited."

Of like purport, in Hill v. Pierson, 45 Neb. 503, 63 N. W. 835, this language was used:

"Another point discussed and presented for adjudication is, will the continuance of a public nuisance, and one which is criminal in its nature, be enjoined in an action for such purpose by a private party? It has been stated by this court that a public nuisance will be enjoined in a suit instituted by a private party for such purpose, but only when the plaintiff does or will sustain a special damage,—a personal injury,—distinct from that which he suffers in common with the rest of the public (Shed v. Hawthorne, 3 Neb. 179) ; and in the case of Farrell v. Cook, reported in 16 Neb., beginning on page 483, and 20 N. W. 720, this rule was applied where the nuisance enjoined was both public and criminal in its nature, and was again recognized in the case of Barton v. Cattle Co., 28 Neb. 350, 44 N. W. 454."

And the court declared in Takiguchi v. State, 47 Ariz. 302, 55 P. (2d) 802, that:

"It is a general rule that the court has no right or power to issue an injunction restraining a party from doing a criminal act, unless the act, if committed, will injure or destroy property or some property right of the party complaining or will amount to a public nuisance. State ex rel. La Prade v. Smith (Ariz.) 29 P. (2d) 718, 92 A. L. R. 168; State v. Johnson, 26 N. M. 20, 188 P. 1109. The facts here do not show a situation for the application of the exception to the rule."

Our sister State of Colorado, through its court of final authority, in People ex rel. L'Abbe v. District

Court of Lake County, 26 Colo. 386, 58 P. 604, has remarked that:

"While it is undoubtedly true that a court of equity has jurisdiction by injunction to prevent the violation of public law when necessary to prevent an irreparable injury to personal or property rights, it is equally true that it is not within its jurisdiction to prevent a criminal act merely because it is criminal, and when it in no way violates a property or civil right; and, before such jurisdiction can be exercised, it should be made to appear, from the facts and circumstances of the particular case, that it is one in which the equitable interposition of the court may be properly and legitimately invoked; and, in the absence of such a showing, the court has no authority to hear and determine that particular case."

See also State v. Conragan, 54 R. I. 256, 171 A. 326; Corchine v. Henderson, 70 S. W. (2d) (Tex. Civ. App.) 766; Carolina Motor Service, Inc., v. Atlantic Coast Line Railroad Co., 210 N. C. 36, 185 S. E. 479.

Plaintiffs in their brief have submitted citations of many adjudicated cases with elaborate extracts therefrom. It would appear that these decisions were for the most part properly determined. Under their facts the legal principles they announce were appropriately applied. However, in the case at bar, under the facts found by the trial court, and which must control here, upon the record before us and under the authorities above briefly reviewed, we are obliged to reach the conclusion that the judgment rendered by the district court of Albany County was correct and it will accordingly be affirmed.

*Affirmed.*

KIMBALL and BLUME, JJ., concur.