## STATE v. P. W. WOLFORD.[1]

December 30, 1921.

No. 22,053.

**Lottery—complaint sufficient.**
    1.  The complaint sufficiently charges a violation of section 8728, G. S. 1913.

**Sale of ticket to evade statute held violation.**
    2.  The sale of a ticket or instrument, evidently drawn so as to evade the effect of the decision in State v. Moren, 48 Minn. 555, but clearly intended to accomplish the same object therein condemned as a lottery scheme, constitutes a violation of the statute mentioned.

Defendant was convicted in the municipal court of the city of Duluth, Cutting, J., of violating the statute forbidding the sale of a chance in a lottery and was sentenced to the payment of a fine or in default thereof to be committed to the county work farm. From the judgment and sentence he appealed to the district court for St. Louis county, where the appeal was heard by Cant, Dancer and Fesler, JJ., who affirmed the sentence and judgment of the municipal court. From the judgment entered pursuant to the order of affirmance, defendant appealed. Affirmed.

*W. F. Dacey, A. E. McManus* and *A. J. Hertz,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Warren E. Greene, John B. Richards* and *Harry E. Weinberg,* for respondent.

HOLT, J.

In the municipal court of Duluth defendant was convicted of the offense of selling a lottery ticket. He appealed to the district court of St. Louis county, but the conviction was sustained and he now appeals to this court.

[1]Reported in 185 N. W. 1017.

The complaint is attacked as insufficient. The substance of the charging part is that defendant at the time and place named did wilfully and wrongfully sell to one Charles Anderson "a ticket, chance, share and interest in a lottery, to-wit: A ticket and chance on certain personal property to-wit: One (1) suit of clothes represented by the said Wolford to be of the value of Forty-eight and no/100ths Dollars", and the said Anderson paid to said Wolford one dollar therefor. We think the complaint shows a violation of section 8728, G. S. 1913, which provides: "Every person who shall sell, give, or in any way whatever furnish or transfer to or for another a ticket, chance, share or interest, or any paper, certificate, or instrument purporting to be or to represent a ticket, chance, share, or interest in or dependent upon the event of a lottery * * * shall be guilty of a misdemeanor."

The ticket or instrument received in evidence, and which the state claims is the lottery ticket sold, is so evidently drawn with a view to accomplish the very same purpose which the instrument in State v. Moren, 48 Minn. 555, 51 N. W. 618, was designed to effect, that it must come within the condemnation of that case. The effort by recital and change of language to prevent its being held an interest in a scheme of chance does not alter the fact. There is, to be sure, no direct reference to a drawing, but how is the tailoring company, which agrees to select each week from the holders of such tickets or instruments one to receive the $48 suit upon which, perhaps, only a dollar has been paid, to determine the lucky one? If not by lottery or chance, how is it to be done? Neither party to the scheme would consider the selection fair if left to the will of the company. They must have intended that some sort of drawing of lots should determine the choice. As aptly remarked by the district court: "There may have been, as a matter of fact, no element of chance involved so far as the tailoring company was concerned, but there certainly was so far as the customer was concerned. It was only by some turn of the wheel of fortune, entirely beyond his control, that he might be one of the lucky customers to receive a suit for less than forty-eight ($48.00) dollars." In State v. United States Exp. Co. 95 Minn. 442, 104 N. W. 556, some significant remarks are made con-

cerning the omission of the so-called contract to specify how the favored one was to be ascertained.

We think the ticket or instrument sold by defendant was an interest in a lottery within the purview of the statute despite its cunningly devised form.

The judgment is affirmed.