## STATE v. L. H. POWELL AND OTHERS.[1]

February 11, 1927.

No. 25,779.

**When prize drawing is a lottery.**

1. A plan whereby the merchants of a city gave tickets to their customers upon the purchase of merchandise and afterwards a drawing was had on chance for cash or other prizes was a lottery.

**Error to direct sheriff to seize tickets not in jurisdiction of court.**

2. The action was to enjoin and abate the plan outlined. No search warrant was issued and there was no seizure of the tickets. They were not brought within the jurisdiction of the court. They were not harmful except as used in connection with prize drawings, and had a property value aside from such use. It was error to direct the sheriff to seize and destroy the tickets.

Gaming, 27 C. J. p. 1044 n. 46; p. 1045 n. 56; p. 1046 n. 64.
Lotteries, 38 C. J. p. 287 n. 6, 7, 8; p. 296 n. 16; p. 319 n. 6.

---

See 17 R. C. L. 1230.

Defendants appealed from an order of the district court for Lyon county, Enersen, J., denying their motion for a new trial. Remanded.

*Hall & Gislason,* for appellants.

*A. R. English,* County Attorney, for respondent.

DIBELL, J.

Action to enjoin the defendants from maintaining a lottery and to abate it as a nuisance. There were findings for the plaintiff, an injunction was ordered, and the sheriff was directed to seize and destroy tickets prepared for use in the drawing of prizes. The defendants appeal from the order denying their motion for a new trial.

1. The Marshall Business Men's Association is an unincorporated association, composed of business and professional men of Marshall,

[1]Reported in 212 N. W. 169.

and the individuals named as defendants are its officers. Its purpose is to promote the interests of the city. Its activities are financed by dues and assessments paid by its members. It maintains a public rest room, a summer Chautauqua, a municipal band, and contributes to other enterprises of civic value. Its prize drawing plan, against which this action is directed, is briefly this:

The association furnishes the merchants duplicate tickets consecutively numbered. For each dollar's worth of merchandise purchased the merchant gives the purchaser a ticket. At a stated time the duplicates retained by the merchants are put together in a receptacle, a chance drawing is made of a designated number, and the purchasers who have tickets bearing corresponding numbers receive cash or other prizes.

The statute defines a lottery as follows:

"A lottery is a scheme for the distribution of property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance, whether it shall be called a lottery, raffle, gift enterprise, or by any other name, and is hereby declared unlawful and a public nuisance." G. S. 1923, § 10209.

It is essential to a lottery that there be a prize, a chance to get it, and a consideration given for the chance. The plan of the association comes within the definition of a lottery. There are prizes. There is a "distribution of property by chance." There is a consideration. The purchaser pays a consideration when he buys his merchandise. When he pays his dollar he gets in return the merchandise and a chance to get a prize. The association is the agency or instrumentality through which prizes are offered and paid.

Our cases do not furnish one entirely similar in its facts, but the principle is definitely enough held. State v. Moren, 48 Minn. 555, 51 N. W. 618; State ex rel. Hathorn v. U. S. Exp. Co. 95 Minn. 442, 104 N. W. 556; State v. Wolford, 151 Minn. 59, 185 N. W. 1017. Cases from other jurisdictions are in accord in principle and in some the facts resemble those in the case at bar. State v. Danz, 140 Wash. 546, 250 Pac. 37; Standridge v. Williford-Burns-Rice Co. 148 Ga. 283, 96 S. E. 498; Davenport v. City of Ottawa, 54 Kan. 711, 39

Pac. 708, 45 Am. St. 303; State v. Kansas Mercantile Assn. 45 Kan. 351, 25 Pac. 984, 11 L. R. A. 430, 23 Am. St. 727; State v. Mumford, 73 Mo. 647, 39 Am. Rep. 532; Utz v. Wolf, 72 Ind. App. 572, 126 N. E. 327; Lohman v. State, 81 Ind. 15; Society Theater v. City of Seattle, 118 Wash. 258, 203 Pac. 21; Ballock v. State, 73 Md. 1, 20 Atl. 184, 8 L. R. A. 671, 25 Am. St. 559; U. S. v. Zeisler (C. C.) 30 F. 499; Horner v. U. S. 147 U. S. 449, 13 Sup. Ct. 409, 37 L. ed. 237.

2. The propriety of the direction to the sheriff to seize the unused tickets in the hands of the secretary of the association and destroy them is questioned.

By G. S. 1923, § 10538 (3), provision is made for a search and seizure of gambling apparatus or implements, and by § 10540 provision is made for the destruction, under the direction of the court, of property seized. See 27 C. J. 1044-1046, §§ 258, 259; 38 C. J. 318, 319, §§ 77-79; 12 R. C. L. p. 733, § 34; Dec. Dig. §§ 58-61. If it be conceded that these provisions apply to lotteries, still a destruction of the tickets was not warranted. There was no seizure. The tickets were not brought within the jurisdiction of the court. They were not judicially condemned or forfeited. The direction to the sheriff was to find and destroy the tickets mentioned in the findings.

Besides, the tickets can be put to a proper use. They are not inherently vicious, like counterfeiting tools, in which there cannot be a property right. In State v. Derry, 171 Ind. 18, 85 N. E. 765, 131 Am. St. 237, it is said: "It is the use of such articles as a means of accomplishing unlawful acts, and not the articles themselves, that the law condemns." The defendants will not use the tickets for further drawings. They will obey the injunction. The tickets may have a value for use in their present condition. They have at least a raw material value. There are more than a million of them.

The direction that the sheriff seize and destroy the tickets should be stricken from the conclusions of law and judgment entered as otherwise directed thereby.

Remanded.