## AMLIE STRAND HARDWARE COMPANY AND OTHERS v. MARIE MOOSE AND ANOTHER.[1]

March 15, 1929.

No. 27,194.

See note in 41 A. L. R. 1484; 17 R. C. L. 1209; 6 R. C. L. Supp. 1047.

*C. A. Fosnes,* for appellants.
*McCoy & Hansen,* for respondents.

[1]Reported in 224 N. W. 158.

DIBELL, J.

Action in replevin to recover possession of an automobile. The court made findings in favor of the plaintiffs. The defendants appeal from an order denying their motion for a new trial.

■ The two plaintiffs, retail merchants at Benson, in October, 1926, inaugurated what they designated a profit-sharing drive for new customers, to continue from October 22 to November 13. The first prize was a Ford coupé. There were other prizes. Votes were given purchasers of merchandise and coupon books, and likewise were given on the payment of overdue accounts. On a designated basis the votes could be cast for any contestant.

The defendant Mrs. Moose was one of the contestants and was found by the judges, one being selected by each contestant, to have received the highest number of votes. The auto was delivered to her by the plaintiffs as the winner of the contest, and she drove it to her home. The plaintiffs claim that there was a mistake in the count, that the defendant did not receive the highest number of votes, that it was so ascertained and declared when the judges reassembled the next day, and that for the mistake they are entitled to retake the auto.

If the scheme was a lottery within G. S. 1923, § 10209, the plaintiffs cannot maintain the action, for the court will leave them where they put themselves. The defendants claim that it was a lottery and that the plaintiffs cannot invoke the aid of the court. The statute defines a lottery as follows:

"A lottery is a scheme for the distribution of property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance, whether it shall be called a lottery, raffle, gift enterprise, or by any other name, and is hereby declared unlawful and a public nuisance." G. S. 1923, § 10209.

It is essential that there be a prize, a chance, and a consideration given. State v. Powell, 170 Minn. 239, 212 N. W. 169, and cases cited; 38 C. J. pp. 286-293, §§ 1-8; 17 R. C. L. p. 1222, § 10; Am. Dig. Lotteries, § 3.

What was done was this: The purchaser of merchandise received votes proportionate to the amount of his purchase or bought coupon books and might cast them for any person who had entered as a contestant. Payments on overdue accounts entitled the one paying to votes on a specified basis. It is conceded that there was a consideration and a prize. It is claimed by the defendants and denied by the plaintiffs that there was a chance within the meaning of the statute and so a lottery.

Vote contests or popularity contests similar to the one before us usually have not been held lotteries within like statutes. The reason assigned is the absence of the element of chance. Commonwealth v. Jenkins, 159 Ky. 80, 166 S. W. 794, Ann. Cas. 1915B, 170; Quatsoe v. Eggleston, 42 Or. 315, 71 P. 66; Dion v. St. John Bap. Soc. 82 Me. 319, 19 A. 825; Millsaps v. Urban, 116 Ark. 90, 171 S. W. 1198; Brenard Mfg. Co. v. Jessup & Barrett Co. 186 Iowa, 872, 173 N. W. 101; 38 C. J. p. 300, § 24; State v. Lipkin, 169 N. C. 265, 84 S. E. 340, L. R. A. 1915F, 1018, Ann. Cas. 1917D, 137; note, 40 L.R.A. (N.S.) 967; note, 41 A. L. R. 1484; Am. Dig. Lotteries, § 3.

Our cases, State v. Moren, 48 Minn. 555, 51 N. W. 618; State ex rel. Hathorn v. U. S. Exp. Co. 95 Minn. 442, 104 N. W. 556; State v. Wolford, 151 Minn. 59, 185 N. W. 1017; and State v. Powell, 170 Minn. 239, 212 N. W. 169, involve the statute; but in all there was a chance, bringing the transaction within the prohibition of the statute.

In the plan before us there was no awarding of prizes by lot or by chance. The selection was made by the holders of the votes, who might or might not cast them. We note that in National Thrift Assn. v. Crews, 116 Or. 352, 241 P. 72, 41 A. L. R. 1481, the fact that the determination of the person who should receive the vote was by ballot was held to constitute a chance. The facts brought that case very clearly within the lottery statute, and the decision is not particularly applicable to the case before us. We follow the weight of authority and hold that the plan of the plaintiffs was not in violation of the statute.

The defendants claim that there was no right to a recount and that the result of it gave the plaintiffs no rights.

The day after the contest closed and after Mrs. Moose had taken the auto, it was claimed that a mistake had been made. The fault was put upon the adding machines. Most of the judges and some of the contestants reassembled. Mrs. Moose was among them. No objection was made to the recount; and it is perhaps fair to say that it was taken by the tacit consent of those appearing. It was found on satisfactory evidence that Mrs. Moose received the second highest number of votes and was not entitled to the auto. The auto had been delivered to her by the plaintiffs under a mistake, they supposing that the first count was correct. The second count disclosed the error. We think the plaintiffs should be allowed to retake the auto upon the ground that the delivery was by mistake.

Order affirmed.