## E. HOIBY v. FEDERAL MOTOR TRUCK SALES CORPORATION.[1]

February 26, 1932.

No. 28,614.

[1]Reported in 241 N. W. 58.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *Donald A. Holmes,* for appellant.

*Clarence T. Lowell,* for respondent.

OLSEN, J.

Plaintiff appeals from an order denying his motion for a new trial.

The suit is one to recover two items of personal property—what we generally refer to as a replevin action. The case was tried to the court and findings of fact and conclusions of law made in favor of the defendant adjudging that defendant was entitled to the return of the property, or, in case return could not be made, then that defendant have judgment against the plaintiff for $1,200, the value of the property, with interest, and for costs and disbursements.

At the commencement of the suit, plaintiff received possession of the property under the replevin proceeding. Defendant did not rebond. Thereupon plaintiff delivered the property to his customer, Raymond Brothers, for whom he had manufactured it. As the matter stood at the time of the trial the plaintiff could not return the property, and the decision as made requires him to pay to the defendant $1,200 and interest and costs. Defendant has shown no title to or financial interest in the property, and by this decision is donated $1,200 and the interest thereon.

Plaintiff is in the business of manufacturing bodies to be placed on automobile truck chassis and cabs to be placed on tractor or truck chassis. He contracted with Raymond Brothers to manufacture and deliver to them a truck body for a truck chassis and a cab for a truck or tractor chassis for the price of $1,200. When

the truck body and cab were finished the defendant brought to plaintiff's place of business two truck chassis. Plaintiff, believing that these chassis belonged to Raymond Brothers and were to go to them, placed the truck body and cab so manufactured by him on these chassis. Soon thereafter plaintiff discovered that these chassis were not owned by Raymond Brothers and had not been delivered to them. He found defendant in possession of his truck body and cab; and, as appears from the record, defendant had no intention at the time of the commencement of the action or since then of delivering same to Raymond Brothers. Plaintiff never intended to and never did transfer title to the property to the defendant. As between plaintiff and defendant, plaintiff remained the owner of the property and entitled to possession thereof. Plaintiff showed sufficient title and right to possession. Flatner v. Good, 35 Minn. 395, 29 N. W. 56; Amlie Strand Hardware Co. v. Moose, 176 Minn. 598, 224 N. W. 158.

■ Proof of demand before suit was not necessary.

"And where the defendant in his answer sets up a claim to the property, and demands a return of it, this claim is inconsistent with the hypothesis that he would have surrendered it on demand. Therefore in none of these cases is a demand necessary." Guthrie v. Olson, 44 Minn. 404, 405, 46 N. W. 853.

The defendant here set up a claim for $75 damages, claimed the right to retain the property, and asked for its return, but it failed to present any evidence to show any damages or to show any right to retain the property.

■ The title to the cab and truck body could not pass to Raymond Brothers, under the evidence here, until they were delivered to them. Whether sold to Raymond Brothers on open account or to be paid for on delivery, no title passed until delivery. The trial court found that upon the delivery of the truck body and cab to defendant title thereto passed to Raymond Brothers. This conclusion of law, rather than any finding of fact, is the basis upon which the court directed judgment for defendant. As shown by its memorandum, the court concluded that defendant was the agent

of Raymond Brothers to accept delivery of the property for them. The evidence is silent as to any agency or authority from Raymond Brothers to defendant. We think the evidence is insufficient to show any agency from Raymond Brothers to defendant or to show that delivery to defendant passed any title to Raymond Brothers. Defendant has shown no title to or interest in the cab and truck body. Plaintiff permitted defendant to take the property into its possession in the mistaken belief that the chassis brought to him by the defendant belonged to Raymond Brothers and would be delivered by defendant to Raymond Brothers. It was at most a conditional delivery, the condition being that defendant deliver the truck body and cab to Raymond Brothers. When defendant failed to so deliver the property and sought to retain the property for itself, its authority, if any it had, terminated, and it then stood merely as a holder of the property, without any title or right to possession thereof. Plaintiff was then justified in reclaiming it. It is significant that the court found that plaintiff delivered the property to defendant "for the purpose of having the same delivered to Raymond Brothers" and that defendant "accepted delivery for the purpose of delivering it to the said Raymond Bros." The reasonable conclusion from these findings is that defendant was the agent of the plaintiff to deliver these items of property to Raymond Brothers. Having failed or refused to make such delivery, plaintiff is entitled to reclaim his property. Defendant in its answer states that the two chassis upon which the cab and truck body were placed, and from which they were removed under the replevin proceeding in this action, belong to defendant. On that ground, apparently, it claims the right to retain possession. That statement but illustrates defendant's intention not to comply with the condition upon which the property came into its possession.

The only evidence introduced by defendant was two written orders given by Raymond Brothers to it for four motor truck chassis, to be delivered to them on payment of $2,400 at time of delivery and balance in monthly payments. These orders do not mention and have no reference to any cab or truck body. They are for chassis only. It is apparent that no down payment had been

made, and no delivery has been made or was intended to be made to Raymond Brothers on these orders. While the cab and truck body in question were placed on two of these chassis, we cannot find that this constituted any delivery thereof or passing of title thereto to Raymond Brothers.

We recognize the well established rule that the trial court may draw all reasonable inferences from the evidence. Applying that rule, we find no evidence to sustain any reasonable inferences that defendant was the agent of Raymond Brothers to receive delivery of this property or that upon such delivery title to the property passed to them.

Where, as here, the result of the decision of the trial court is that one party is enriched to the extent of over $1,200 and the other party suffers a loss of that amount, we cannot on such a record sustain the decision.

Had the defendant shown a lien upon or a special interest in the property entitling it to possession, its recovery, in case no return of the property could be had, would have been limited to the value of its lien or special interest. Flint v. Luhrs, 66 Minn. 57, 68 N. W. 514, 61 A. S. R. 391. When we compare this with the recovery here by one who has neither a lien nor any special interest, the result seems difficult to sustain.

The order appealed from is reversed.

HILTON, J. (dissenting).

I dissent.