## WALLACE v. CROWLEY.

No. 22388. Sept. 11, 1934.

I. L. Cook, for plaintiff in error.

Parker & Williams and Denver N. Davison, for defendant in error.

ANDREWS, J. This is an appeal by the plaintiff from a judgment of the district court of Atoka county, the jury having been instructed by the trial court to return a verdict in favor of the defendant and the judgment of the court having been rendered on that verdict.

The action was in replevin for the possession of an automobile which had been given away by a merchants' association.

By the demurrer and motion for a directed verdict, the defendant admitted for the purpose of the determination thereof that the plaintiff was the owner of the winning ticket. She contends that, since she was the owner of the winning ticket, she is entitled to maintain an action for the possession of the car which was awarded by the judges to someone in the household of the defendant. That contention cannot be sustained, for, by the testimony in the case, the car was to be awarded to the person who produced the winning ticket and handed it to the judges. The record shows that the plaintiff did not produce the winning ticket. She contends that she lost it. She admits that she did not have it at the time of the drawing.

We do not deem it necessary to enter into any extended discussion of the law of replevin. Neither the judges, the merchants' association, nor the person to whom the car was awarded are parties to this action. The testimony of the plaintiff shows that she did not conform to the rules established by the judges, and it shows that the judges did not award the car to the plaintiff. There was no error in the judgment of the trial court.

The case of Amlie Strand Hardware Co. et al. v. Moose et al., 176 Minn. 598, 224 N. W. 158, is neither persuasive nor controlling. That action was by the donor, after an error had been discovered by the judges and a corrected award made. It was not by the person who was the beneficiary of a corrected award. In the instant case there has been no error discovered and no corrected award made and the action is by one who claims to be the winner.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BAYLESS, JJ., concur.