PEOPLE v. WELCH.

LOTTERIES—ESSENTIALS—STATUTES.
> Scheme of club, in selling to its members "Beano" cards giving
> holders a chance to draw prizes of sugar and other foodstuffs,
> is clearly a lottery within the meaning of Act No. 328, § 372,
> Pub. Acts 1931; the essentials of a lottery: consideration,
> prize, and chance, all being present.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted October 11,
1934. (Docket No. 128, Calendar No. 37,955.) De-
cided December 10, 1934.

Floyd Welch and others were charged with man-
aging a lottery and aiding and assisting in disposing
of merchandise by way of lottery for money in a
game of chance. Information quashed. Plaintiff
appeals. Reversed and remanded.

*Patrick H. O'Brien,* Attorney General, *Bartel J.
Jonkman,* Prosecuting Attorney, and *Fred N. Searl,*
Assistant Prosecuting Attorney, for the people.

*Willis B. Perkins, Jr.,* for defendants.

BUSHNELL, J. The people appeal from an order
quashing an information which charged respond-
ents with managing a lottery, and aiding and assist-
ing in disposing of merchandise by way of lottery
for money in a game of chance, to-wit: a beano game.
The appeal presents the single question: Is "beano"
a lottery?

The substance of the testimony is that two officers
entered a building in the city of Grand Rapids where

they obtained a "membership card" and three "beano cards" in exchange for their signed applications for membership in the so-called "club" and the payment of 25 cents each. They, and a number of other persons, seated themselves at tables with their beano cards before them, containing 15 numbers arranged in rows and columns. Before play started it was announced that the prize for the first drawing would be 20 pounds of sugar. Other merchandise, largely food stuffs, was also on display. It was also announced that to win the prize the player must have a full card bearing the same numbers as those drawn from a box containing cubes bearing various numbers. The drawing proceeded and continued until one of the players had all the numbers on his card covered with beans, indicating that they corresponded with the numbers drawn from the box. Sometimes a prize would be announced for one complete line rather than a full card drawing.

Respondent Welch is president and one of the incorporators and trustees of the club in question, "Select Society, Incorporated," and it is stipulated that the determination of his case shall also apply to the remaining respondents.

There seems to be little difference between the games of "beano," "keno" and "lotto."

Act No. 328, § 372, Pub. Acts 1931 (penal code), reads:

"Any person who shall set up or promote within this State, any lottery or gift enterprise for money, or shall dispose of any property, real or personal, goods, chattels or merchandise or valuable thing, by way of lottery or gift enterprise, and any person who shall aid, either by printing or writing, or shall in any way be concerned in the setting up, managing or drawing of any such lottery or gift enterprise, or

who shall in any house, shop or building owned or occupied by him or under his control, knowingly permit the setting up, managing or drawing of any such lottery or gift enterprise, or the sale of any lottery ticket or share of a ticket, or any other writing, certificate, bill, goods, chattels or merchandise, token or other device purporting or intended to entitle the holder or bearer or other person to any prize or gift, or to any share of or interest in any prize or gift to be drawn in any such lottery or gift enterprise, or who shall knowingly suffer money or other property to be raffled for in such house, shop or building, or to be there won by throwing or using dice, or by any other game or course of chance, shall for every such offense be guilty of a misdemeanor, punishable by imprisonment in the State prison not more than two years or by a fine of not more than one thousand dollars.''

Article 5, § 33, of the Constitution of 1908, provides:

''The legislature shall not authorize any lottery nor permit the sale of lottery tickets.''

Similar provisions appeared in the Constitution of 1850 (article 4, § 28) and in the Constitution of 1835 (article 12, § 6).

Appellee says ''beano'' is a game of chance and not a lottery, and that under authority of *People* v. *Reilly,* 50 Mich. 384 (45 Am. Rep. 47), the information is bad because it is laid under section 372 of the penal code, rather than section 302, the gaming statute, and cites numerous authorities from other jurisdictions.

Appellant stands on the information and the statute under which it is laid. Appellant says that the *Reilly Case* in 1883 held that ''pool selling'' was not a lottery within the meaning of a city ordinance on the broad theory that the lotteries prohibited by the

Constitution were those involving large sums, etc., and which circulated their tickets in large numbers to all parts of the country; that six years later we departed from the theory of the *Reilly Case* and held "policy" to be within the statute in *People* v. *Elliott,* 74 Mich. 264 (3 L. R. A. 403, 16 Am. St. Rep. 640), and have since been consistent in subsequent opinions, which are *People* v. *McPhee,* 139 Mich. 687 (69 L. R. A. 505, 5 Ann. Cas. 835), a tailor suit club scheme; *People* v. *Wassmus,* 214 Mich. 42, another suit club case; and *Glover* v. *Malloska,* 238 Mich. 216 (52 A. L. R. 77), an automobile drawing, and the people, in addition to other authorities, cite *People* v. *Babdaty,* 139 Cal. App. (Supp.) 791 (30 Pac. [2d] 634), recently decided, involving a Tango Parlor which, they say, is a game "having a marked resemblance to beano."

Our last opinion, *Glover* v. *Malloska, supra,* is sufficient and controlling. We quote from the language used by Mr. Justice WIEST:

"The scheme was clearly a lottery. *People* v. *McPhee,* 139 Mich. 687 (69 L. R. A. 505, 5 Ann. Cas. 835); *People* v. *Wassmus,* 214 Mich. 42. The often asserted essentials of a lottery, viz., consideration, prize and chance, were all present."

The witnesses paid 25 cents each, one of them won the prize, 20 pounds of sugar, and chance determined the winner at the drawing.

The order quashing the information and dismissing the cause is set aside. The cause is remanded to the superior court of Grand Rapids for further proceedings.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.