SPROAT-TEMPLE THEATRE CORP. v. COLONIAL THEATRICAL ENTERPRISE, INC.

1. LOTTERIES—ESSENTIALS.
    Essentials of lotteries prohibited by statute, although not defined therein are: consideration, prize and chance (Act No. 328, § 372, Pub. Acts 1931).

·2. SAME—CONSIDERATION—INJUNCTION.

> In competitors' suit to enjoin theater operators from conducting lotteries, the indirect consideration to such operators of attracting persons who would not otherwise attend, *held*, sufficient consideration for prize given holder of coupon selected by lot, although such person had not paid any additional sum for admission.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 22, 1936. (Docket No. 65, Calendar No. 38,886.) Decided June 11, 1936.

Bill by Sproat-Temple Theatre Corporation and Eliot-Erskine Theatre Corporation, Michigan corporations, against Colonial Theatrical Enterprise, Inc., and Chester Majestic Company, Inc., Michigan corporations, to enjoin an alleged lottery. Decree for plaintiffs. Defendants appeal. Affirmed.

*Morris Garvett*, for plaintiffs.

*Shapero & Shapero*, for defendants.

EDWARD M. SHARPE, J. In this cause the facts have been stipulated. Both parties operate theatres on Woodward avenue in the city of Detroit. The defendants evolved a scheme for the giving away of cash prizes to their patrons without extra cost to them and limited to those attending the theatre. Each purchaser of an admission ticket to the Colonial or Majestic theatres was given a coupon ticket bearing duplicate numbers, one-half of each coupon ticket being dropped in a barrel by the purchaser and the other half retained by him; and at an advertised time the barrel containing the coupon tickets was taken upon the stage of the theatre and several tickets were withdrawn therefrom. The person

holding the coupon or stub with the number corresponding to the number on the ticket drawn from the barrel was given a valuable money prize. The result of these drawings and giving away of money prizes diminished the business of plaintiffs' theatres and has increased the business of defendants' theatres.

Plaintiffs filed a bill of complaint against defendant companies praying for an injunction to restrain the operation of this scheme on the ground that it is in violation of Act No. 328, § 372, Pub. Acts 1931, known as the lottery law.

The trial court granted a permanent injunction and enjoined the defendants from operating a lottery in their above-named theatres and restrained them: "from distributing, selling or giving away tickets, slips, coupons or tokens of any character evidencing the right of the holder to participate in drawing any prizes of cash or other things of value in said theatres, and from holding any drawings and from determining by lot the winning ticket, slip, coupon or token holders in or about the said theatres."

Defendants appeal and contend that in view of the fact that the patron pays nothing for a chance to receive the prize, no consideration runs from the public, and, therefore, the statute is not violated.

Act No. 328, § 372, Pub. Acts 1931, definitely prohibits any lottery or gift enterprise within the State; and prohibits the disposition of any property, real or personal, goods, chattels or merchandise or valuable thing by way of lottery or gift enterprise; and provides punishment for a violation thereof. Our statutes do not attempt to define what a lottery is, but our court has said that the essentials of a lottery are consideration, prize and chance.

See *People* v. *Wassmus,* 214 Mich. 42; *Glover* v. *Malloska,* 238 Mich. 216 (52 A. L. R. 77) ; and *People* v. *Welch,* 269 Mich. 449.

"The three essential elements of a lottery are: first, consideration; second, prize; and third, chance. * * * But what may appear on its face to be a gratuitous distribution of property or money has frequently been declared to be merely a device to evade the law, a notable example of such a device, which was held to be a lottery, being the gratuitous distribution by newspaper proprietors of medals bearing certain numbers, which presented the possibility of obtaining a prize without the actual purchase of a chance." 17 R. C. L. p. 1222.

We think the facts in the case at bar are similar to those involved in the case of *Society Theatre* v. *City of Seattle,* 118 Wash. 258 (203 Pac. 21). In that case an association of merchants distributed tickets to patrons of moving picture houses after the patrons had been admitted to the theatres in the usual manner. Following the performance this association conducted a drawing by lot and those holding the lucky tickets received various prizes of merchandise. No extra charge was made for admission and the court said:

"The elements of lottery are: First, a consideration, second, a prize, and third, a chance. It needs no argument to show that the second and third elements appear in the business conducted by respondents. But it is argued that the element of consideration does not appear because the patrons of the theatres pay no additional consideration for entrance thereto, and pay nothing whatever for tickets which may entitle them to prizes. But while the patrons may not pay, and the respondents may not receive, any direct consideration, there is an indirect consideration paid and received. The fact that prizes

of more or less value are to be distributed will attract persons to the theatres who would not otherwise attend. In this manner those obtaining prizes pay considerations for them, and the theatres reap a direct financial benefit.''

See, also, *Maughs* v. *Porter,* 157 Va. 415 (161 S. E. 242) ; *State* v. *Powell,* 170 Minn. 239 (212 N. W. 169).

The decree of the trial court is affirmed, with costs to plaintiffs.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Toy, JJ., concurred. Potter, J., took no part in this decision.