UNITED-DETROIT THEATERS CORP. v. COLONIAL
THEATRICAL ENTERPRISE, INC.

1. LOTTERIES—ESSENTIALS.

Essentials of lotteries prohibited by statute, although not defined therein are: consideration, prize and chance (Act No. 328, § 372, Pub. Acts 1931).

2. SAME—CONSIDERATION—INJUNCTION.

In competitors' suit to enjoin theater operators from conducting lotteries, the indirect consideration to such operators of attracting persons who would not otherwise attend, *held*, sufficient consideration for prize given holder of "screeno" card in which five numbers in a row are first indicated by successive numbers on the screen dial, although such person had not paid any additional sum for admission (Act No. 328, § 372, Pub. Acts 1931).

3. SAME—STATUTES.

To constitute a lottery prohibited by statute it is not necessary that distribution of prizes be purely by chance but only that such distribution be by chance as the dominating element (Act No. 328, § 372, Pub. Acts 1931).

4. INJUNCTION—COMMISSION OF CRIMES.

Generally, a court of equity does not have jurisdiction to enjoin the commission of crimes.

5. SAME—INTERFERENCES WITH PROPERTY RIGHTS—CRIMINAL ACTS.

Interferences, actual or threatened, with property or rights of a pecuniary nature may be enjoined by court of equity and right to such injunction is not destroyed by fact that they are accompanied by or are themselves violations of the criminal law.

6. THEATERS AND SHOWS—LOTTERIES—INJUNCTION.

In suit by theater owner to enjoin defendant theater owners from operating lottery, known as "screeno," plaintiff *held*, not entitled to injunction where it was tried on bill and answer only and without a showing that theaters were in same vicinity, thereby creating competition or that lottery scheme affected plaintiff's business (Act No. 328, § 372, Pub. Acts 1931).

7. INJUNCTION—CRIMINAL ACTS—DAMAGES TO PERSON OR PROPERTY.

The restraining order of a court may not be exercised to enjoin the commission of a crime in the absence of a showing of damage to persons or property rights.

Appeal from Wayne; Nicol (Henry G.), J. Submitted April 29, 1937. (Docket No. 163, Calendar No. 39,513.) Decided June 7, 1937.

Bill by United-Detroit Theaters Corporation, a Michigan corporation, against Colonial Theatrical

Enterprise, Inc., a Michigan corporation, and others to restrain the conducting of so-called "screeno" games in theaters. Decree for plaintiff. Defendant appeals. Reversed.

*Morris Garvett* and *Meurer & Meurer,* for plaintiff.

*Herman A. Schmier* and *Sidney J. Karbel,* for defendants.

SHARPE, J. The facts in this cause are not in dispute. The plaintiff's State theater is located on Woodward avenue between Elizabeth and Columbia streets. The defendants' Colonial theater is located on Woodward avenue near Sibley street. The Majestic theater is located on Woodward avenue near Willis avenue. In February, 1937, plaintiff filed a bill of complaint in the circuit court of Wayne county to enjoin the defendant companies from conducting in their theaters what is known as a "screeno" game. The "screeno" cards are given to patrons of the theater with each admission ticket sold. The cards are not confined to purchasers of admission tickets, but are given upon request to any person in the foyer of the theater or to persons on the sidewalk in front of the theater. The game is played in the following manner: On the screen is a dial, upon which appear successive numbers, with a pointer to indicate the numbers thereon as the dial is turned from time to time. The card contains corresponding numbers arranged in five rows and columns. The person holding a card upon which the five numbers in any row, horizontally, vertically, or diagonally through the middle of the card, first check with the numbers appearing on the dial wins the prize.

The trial court granted an injunction enjoining the defendants from conducting the game of "screeno." Defendants appeal and contend that plaintiff has shown no damage to its business; that equity has no jurisdiction to enjoin the commission of a criminal act, assuming that "screeno" constitutes a lottery; and that before a court of equity may exercise jurisdiction to restrain a criminal act, pecuniary damages must be shown. The plaintiff claims the game is a lottery, inasmuch as it contains all the elements of a lottery; that its operation is contrary to Act No. 328, Pub. Acts 1931; and that it damages plaintiff's business.

Section 372 of the above act definitely prohibits any lottery or gift enterprise within the State. The three essential elements of a lottery are: consideration, prize, and chance. *Sproat-Temple Theatre Corp.* v. *Colonial Theatrical Enterprise, Inc.*, 276 Mich. 127; *Glover* v. *Malloska*, 238 Mich. 216 (52 A. L. R. 77).

In Michigan we have held that an indirect consideration is sufficient. *Glover* v. *Malloska*, *supra*. In *Society Theatre* v. *City of Seattle*, 118 Wash. 258 (203 Pac. 21) cited in *Sproat-Temple Theatre Corp.* v. *Colonial Theatrical Enterprise, Inc.*, *supra*, the court said:

" 'The elements of lottery are: First, a consideration, second, a prize, and third, a chance. It needs no argument to show that the second and third elements appear in the business conducted by respondents. But it is argued that the element of consideration does not appear because the patrons of the theaters pay no additional consideration for entrance thereto, and pay nothing whatever for tickets which may entitle them to prizes. But while the patrons may not pay, and the respondents may not receive, any direct consideration, there is an indirect

consideration paid and received.   The fact that prizes of more or less value are to be distributed will attract persons to the theaters who would not otherwise attend.   In this manner those obtaining prizes pay considerations for them, and the theaters reap a direct financial benefit.' "

In the instant case the distribution of the tickets unquestionably attracted others to the theater who otherwise would not have attended and in this way the theater owner profited thereby.   This is a sufficient consideration.

The prize is a definite amount of money that is awarded to the winner.   It is not seriously contended that the game is purely one of skill.   An examination of the method used in the conducting of the game must convince any one that the element of skill as compared with the element of chance is slight.

"But from an examination of the later cases, both Federal and State, it appears to have become the established American doctrine that, in order to constitute a lottery within the meaning of the various statutes, it is not necessary for the distribution of prizes to be purely by chance, but only for such distribution to be by chance as the dominating element, even though effected to some extent by the exercise of skill or judgment."   17 R. C. L. p. 1225, § 12.

Defendants contend that a court of equity has no jurisdiction to enjoin the commission of criminal acts in the absence of proof of irreparable injury to property or rights of pecuniary nature.

The rule is well stated in *Glover* v. *Malloska, supra,* where we said:

"As stated in *Re Debs,* 158 U. S. 564, 593 (15 Sup. Ct. 900):

" 'Again, it is objected that it is outside of the jurisdiction of a court of equity to enjoin the com-

mission of crimes. This, as a general proposition, is unquestioned. A chancellor has no criminal jurisdiction. Something more than a threatened commission of an offense against the laws of the land is necessary to call into exercise the injunctive powers of the court. There must be some interferences, actual or threatened, with property or rights of a pecuniary nature, but when such interferences appear the jurisdiction of a court of equity arises, and is not destroyed by the fact that they are accompanied by or are themselves violations of the criminal law.' ''

In the above case an injunction was granted upon the proof that the loss of business sustained by plaintiffs was directly traceable to the growth of defendants' business after inaugurating the lottery scheme, the court holding that equity might interfere to protect the property rights of plaintiffs.

In *Sproat-Temple Theatre Corp.* v. *Colonial Theatrical Enterprise, Inc., supra,* an injunction was issued to enjoin a lottery, but the facts in that case show that as a result of the giving away of money prizes the business of plaintiff's theaters diminished and the business of defendant's theaters increased. In *Seifert* v. *Buhl Optical Co.,* 276 Mich. 692, 700, we said:

"Suit may be brought by parties engaged in a profession or business to enjoin unfair trade and practice which would be injurious to their interests and the fact that such practices are punishable by criminal penalties is immaterial.''

The above quotations bring us to the question of whether there has been any interference by defendants with plaintiff's property or rights of a pecuniary nature. This cause was tried upon a bill of complaint and an answer and amended answer thereto. No testimony was taken. The record fails to

show that the theaters were in the same vicinity, thereby creating competition, nor do we find any proof that the lottery scheme affected the business of plaintiff's theaters. The restraining order of a court may not be exercised to enjoin the commission of a crime in the absence of a showing of damages to persons or property rights.

The decree of the chancery court is reversed, the bill of complaint dismissed and the injunction dissolved. Defendant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.