Argued May 16; affirmed June 6; rehearing denied June 27, 1939

# McFADDEN *v.* BAIN ET AL.

### (91 P. (2d) 292)

In Banc.

J. H. Kelley, of Portland, for appellant.

M. E. Tarshis, Deputy District Attorney, of Portland (James R. Bain, District Attorney, of Portland, on the brief), for respondents.

RAND, C. J. Plaintiff operates a moving picture theater in Portland. He brought this action, setting up in his complaint one method which he follows to increase the number of his patrons, and praying that a declaratory judgment be entered holding that he is not thereby maintaining a lottery.

Based wholly upon these allegations, no answer having been filed, the trial court held that the method followed by the plaintiff constituted a lottery and, on defendants' motion, granted judgment on the pleadings. From this judgment, the plaintiff has appealed.

The particular allegations of the complaint on which the court acted are as follows:

"For the purpose of advertising said theatre, plaintiff, at the time a person purchases a ticket to said theatre, gives to said person not only a ticket to the theatre but also, without cost, a coupon to which is attached a stub, identical numbers being on both the coupon and the stub. In addition to giving the coupon and stub to each person who purchases a ticket to said

theatre, plaintiff distributes numerous coupons with stubs attached throughout the neighborhood in which the theatre is located and, upon nights the awards hereinafter mentioned are given away, coupons with stubs attached are given away on the sidewalk in front of plaintiff's theatre to all persons who pass. The stubs on the coupons given away by plaintiff are placed in a box or receptacle by the person holding the same, such person retaining in his possession the coupon. The box or receptacle in which said stubs are placed being outside of the entrance to the plaintiff's theatre and it being unnecessary for anyone having a coupon with stub to enter the plaintiff's theatre to deposit the stub in said box or receptacle.

"That at least once each week a drawing is had from the box or receptacle in which the stubs of the coupons have been deposited and after the same have been thoroughly mixed, said drawing being had from the stage inside of the theatre and the number upon the stub drawn is called from the stage of the theatre, and if the person holding the coupon with the corresponding number is present within the theatre such person is entitled to choose a number from a board upon which there is not less than six numbers and to receive the award of money that is designated on the back of said number. The number of awards given away at each drawing is not less than six and the total sum of money given away as awards at each drawing will average $40.00 each week. If the person holding a coupon with corresponding number of the stub so drawn is not present in the theatre the number is called at least twice from the outside of the theatre and anyone outside of the theatre who has the number called is given two minutes to enter the theatre and is entitled to enter without purchasing a ticket or paying admission and choose a number and receive such award as said number may designate."

▆ There are three essential elements in a lottery: one, the offering of a prize; two, the awarding of the

prize by chance; and three, the giving of a consideration for an opportunity to win the prize. Some courts, in defining a lottery, say that the essence of a lottery is a chance for a prize for a price. If any of these three elements are lacking, the transaction is not a lottery. In the instant case, the complaint alleges that two of these elements are present, namely: a prize averaging about $40 was offered each week and was awarded by chance to six persons in varying amounts. The complaint, however, alleges that no consideration was paid for the opportunity of winning the prize and, therefore, that the transaction did not constitute a lottery.

There are cases holding that "bank night" is not a lottery because of the lack of consideration, the patron of the theater giving nothing beyond the usual price of the ticket for admission. We think, however, that the better reasoned cases hold to the contrary: See *Sproat-Temple Theatre Corporation v. Colonial Theatrical Enterprise*, 276 Mich. 127, 267 N. W. 602; *People v. Miller*, 271 N. Y. 44, 2 N. E. (2d) 38; *Commonwealth v. Wall*, 3 N. E. (2d) 28; *State v. Schubert Theatre Players Co.*, 203 Minn. 366, 281 N. W. 369; *Little River Theatre Corporation v. State*, (Fla.) 185 So. 855; *City of Wink v. Griffith Amusement Corporation*, 129 Tex. 40, 100 S. W. (2d) 695; *Chamber of Commerce of Plattsmouth v. Kieck*, 128 Neb. 13, 16, 257 N. W. 493; *Maughs v. Porter*, 157 Va. 415, 161 S. E. 242; *State v. Danz*, 140 Wash. 546, 250 P. 37, 48 A. L. R. 1109; *Willis v. Young*, (1907) 1 K. B. 448, and *Taylor v. Smetten*, 11 L. R. Q. B., p. 207.

It is, of course, lawful, if not resorted to as a device to evade the law, for a person to give away his money or property by lot or chance. The vice is in the payment of a consideration for the chance. It is unreasonable to say that, where a person pays for admission

into a theater, knowing that he is to receive not only a ticket admitting him into the theater but also a chance for a prize, the consideration is paid for the ticket only and not in part for the chance. The transaction being single, the payment is made not for one only but for both. In such case the payment for the chance is embraced in a part of the purchase price which the patron of the theater pays for both admission into the theater and the chance. It is no less than an attempt to evade the law by means of a colorable gift of a chance to draw a prize in connection with the sale of the ticket and, as such, the transaction is a lottery: See *State v. Eames*, 87 N. H. 477, 183 A. 590, and cases above cited.

In *City of Wink v. Griffith Amusement Corporation*, supra, the court said:

"* * * It is idle to say that the payment made for seeing the picture is not, in part at least, a charge for the drawing and the chance given. The things to be seen and done in the theater and the privileges above enumerated which accompanied them, are all a part of one and the same show, meaning the entire proceedings inside the theater. The fact that part of the things to be enjoyed by those who paid at the door were classed as 'free' by the defendant in error does not change the legal effect of the transaction."

In support thereof, the court quoted with approval from *Taylor v. Smetten*, supra, as follows:

"Although it was admitted by the respondent that the tea was good and worth all the money, it is impossible to suppose that the aggregate prices charged and obtained for the packages did not include the aggregate prices of the tea and the prizes. Nor can it be doubted that in buying a package, the purchaser treated and considered it as a purchase of the tea and the coupon, whatever its value might turn out to be. In other words

he bought the tea coupled with the chance of getting something of value by way of a prize.''

Following this, the court then said:

''The doctrine of this case, to the effect that a chance at a prize given 'free' with a purchase is not in fact 'free', but that payment for it is embraced in a part of the purchase price, is supported by our own courts. American Copying Co. v. Thompson Smith (Tex. Civ. App.) 110 S. W. 777; Featherstone v. Independent Service Station Assn. (Tex. Civ. App.) 10 S. W. (2d) 124, 127.''

To constitute a lottery, it is not necessary for all participants to pay for their chances, but it is sufficient if some do though many do not pay a valuable consideration. The legal effect of the transaction is not changed by the fact that some do not pay. If it is a lottery as to those who do pay, it necessarily is a lottery as to those who do not pay for their chances.

As was said in *Commonwealth v. Wall*, supra,

''* * * a game does not cease to be a lottery because some, or even many, of the players are admitted to play free, so long as others continue to pay for their chances. (Citing authorities.) So here the test is not whether it was possible to win without paying for admission to the theatre. The test is whether that group who did pay for admission were paying in part for the chance of a prize.''

See also *Glover v. Malloska*, 238 Mich. 216, 219, 213 N. W. 107, 52 A. L. R. 77, where the above was quoted with approval.

For the reasons stated, the judgment appealed from must be affirmed, and it is so ordered.

BEAN and LUSK, JJ., not sitting.